## KAUFMAN–STRAUS CO. v. LUCAS, Collector of Internal Revenue.

(Circuit Court of Appeals, Sixth Circuit. May 4, 1926. Rehearing Denied June 11, 1926.)

No. 4512.

Internal revenue ⬅7, 9—Leased property used solely in lessee's business is "property used or employed in business or trade," and lessee is entitled to allowance on income and excess profit tax for exhaustion of lease (Revenue Act 1916, as amended by Revenue Act 1917 [39 Stat. 1000]).

Leased property used solely in business from which lessee's taxable income is derived is "property used or employed in business or trade," within Revenue Act of 1916 as amended by Revenue Act 1917, and lessee is entitled to allowance on income and excess profit tax for exhaustion of lease, based on value thereof as of March 1, 1913, if acquired prior thereto.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Property.]

In Error to the District Court of the United States for the Western District of Kentucky; Charles I. Dawson, Judge.

Action by the Kaufman-Straus Company against Robert H. Lucas, Collector of Internal Revenue for the District of Kentucky. To review a judgment of dismissal, plaintiff brings error. Reversed and remanded.

Cox & Wells, of Louisville, Ky., for plaintiff in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

DONAHUE, Circuit Judge. Kaufman-Straus Company brought action against Lucas, collector of internal revenue for the district of Kentucky, to recover a part of income and excess profit tax assessed against it in the year 1917 and paid under protest. The defendant filed a demurrer to the petition, which was sustained by the trial court, and, the plaintiff failing to plead further, judgment was entered, dismissing the petition at plaintiff's cost. This is the only assignment of error. No brief has been filed on behalf of defendant in error.

The plaintiff is the owner of a leasehold estate, upon which it claims it is entitled to an allowance for depreciation or exhaustion of its value, under the provisions of the Revenue Act of 1916, as amended by the Act of 1917. The Commissioner of Internal Revenue held (Treasury Decision No. 3414) that "a lessee is not entitled, under the Revenue Acts of 1916 [39 Stat. 756], 1917 [39 Stat. 1000], 1918 [40 Stat. 1057], or 1921 [42 Stat. 227], to an allowance for depreciation based on the value of his lease as of March 1, 1913, if acquired prior thereto."

The District Court reached the same conclusion and entered judgment accordingly. Later the Commissioner of Internal Revenue overruled his former decision, and issued Treasury Decision No. 3760, a part of which is as follows: "A lessee is entitled under the Revenue Acts of 1916, 1917, 1918, and 1921 to an allowance for the exhaustion of a lease owned in a trade or business based upon the value of the lease as of March 1, 1913, if acquired prior thereto. * * * *"

The Revenue Act of 1916, as amended 1917, provides, among other things, that the net income of a corporation, joint-stock company, association, or insurance company, organized in the United States, shall be ascertained by deducting from its gross income all losses actually sustained and charged off within the year and not compensated by insurance or otherwise, including a reasonable allowance for the exhaustion, wear, and tear of property arising out of its use or employment in the business or trade.

There is no dispute as to the facts. Plaintiff used the leased property in its business. The lease became less valuable each year. The leased property was not used for any purpose other than the business in which plaintiff was engaged, and from which its taxable income was derived. The lease itself was clearly property used or employed in business or trade. These admitted facts bring the case fairly within the provisions of the Revenue Act of 1916, as amended by the Revenue Act of 1917, that the net income shall be ascertained by deducting from the gross amount of its income a reasonable allowance for the exhaustion, wear, and tear of property arising out of its use or employment in the business or trade. In this respect we think the Treasury Department has in its later opinion (T. D. 3670) correctly construed same.

The judgment of the District Court is reversed, and cause remanded, for further proceedings in accordance with this opinion.